AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**12/19/22**

SEAN F. McAVOY, CLERK

Aaron Joseph Cunningham
_____
_Petitioner_

v.

United States of America
_____
_Respondent_
_(name of warden or authorized person having custody of petitioner)_

)
)
)
)
)
)
)
)
)
)

Case No. ___4:22-CV-5165-MKD___
_(Supplied by Clerk of Court)_

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1.   (a) Your full name: Aaron Joseph Cunningham
     (b) Other names you have used: Aaron Joseph Guerresi
2.   Place of confinement:
     (a) Name of institution: Benton County Corrections Department
     (b) Address: POD 302-13  7122  W. Okanogan Pl. Bldg. B
         Kennewick, Wa  99336
     (c) Your identification number: 100462
3.   Are you currently being held on orders by:
     ☑ Federal authorities      ☐ State authorities      ☐ Other - explain:
     _____

4.   Are you currently:
     ☑ A pretrial detainee (waiting for trial on criminal charges)
     ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
     If you are currently serving a sentence, provide:
          (a) Name and location of court that sentenced you: _____
          _____
          (b) Docket number of criminal case: _____
          (c) Date of sentencing: _____
     ☐ Being held on an immigration charge
     ☐ Other _(explain):_ _____
     _____
     _____

### Decision or Action You Are Challenging

5.   What are you challenging in this petition:
     ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☒ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☐ Other *(explain):*

_____
_____

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: United States of America United States District Court
   (b) Docket number, case number, or opinion number: 2:22-CR-61-RMP-1
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed):* I am challenging the Detainment of U.S. Citizens without Due Process in violation of Constitutional liberties clause of the 4th and 14th Amendments
   (d) Date of the decision or action: Sept 15 2022

### Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☒ Yes    ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: United States District Court Case # 2:22-CV-00229-MKD
       (2) Date of filing: October 2022
       (3) Docket number, case number, or opinion number: # 2:22-CV-00229-MKD
       (4) Result: failure to state facts
       (5) Date of result: December of 2022
       (6) Issues raised: The Constitution Rights to liberty, Due Process Fourth Amendment Due Process Fourteenth Amendment Due Process and liberty Bail is illegal Detainment without nonconduct or conduct mens rea facts certiorari - mandamus-nul tiel-nul tiel record-Habeas Corpus- Ther My injuries
   (b) If you answered "No," explain why you did not appeal: _____
   _____

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☒ Yes    ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _I sent an Appeal Motion to The United States District Court_

(2) Date of filing: _Dec 9 2022_

(3) Docket number, case number, or opinion number: _2:22-cv-00229-MKD_

(4) Result: _unknown_

(5) Date of result: _N/A_

(6) Issues raised: _Please see attached sheets Same as 1983 civil complaint Same as first Appeal_

(b) If you answered "No," explain why you did not file a second appeal: _____

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes    ☒ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

(b) If you answered "No," explain why you did not file a third appeal: _I am filing a Habeas Corpus as we Speak to which is my 3rd Appeal_

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes    ☒ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes    ☒ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes            ☒ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: Please see attached sheets

_____

_____

_____

_____

_____

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes            ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody: _____

(b) Date of the removal or reinstatement order: _____

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes                        ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1)  Date of filing: _____

(2)  Case number: _____

(3)  Result: _____

(4)  Date of result: _____

(5)  Issues raised: _____

_____

_____

_____

_____

(d)  Did you appeal the decision to the United States Court of Appeals?

☐ Yes          ☒ No

If "Yes," provide:

(1)  Name of court: _____

(2)  Date of filing: _____

(3)  Case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

12.  **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes          ☒ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

_____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** In violation of Fourth Amendment to the United States Constitution, Due Process, equal Protection and liberty
See attached sheets

(a) Supporting facts (Be brief. Do not cite cases or law.):
United states Constitution, I have been injured with Emotional Distress, anxiety and mental Torcher and am in risk of arm, to wich I am in bondage with violent convicted criminals who pose a harm to my body!

(b) Did you present Ground One in all appeals that were available to you?
☒Yes          ☐No

**GROUND TWO:** No preliminary hearing, or facts & or proof I would not show to court that I am a danger or a flight risk to wich I am not

(a) Supporting facts (Be brief. Do not cite cases or law.):
A Pretrial detention is a violation of liberty and without due process and equal protection of the laws and court proceedings is in violation of the United States Constitution and Human Rights

(b) Did you present Ground Two in all appeals that were available to you?
☒Yes          ☐No

**GROUND THREE:** Fourteenth Amendment Due Process, Liberty No state shall make or enforce any law that deprives any Citizen of life, liberty, or property without due process of law

(a) Supporting facts (Be brief. Do not cite cases or law.):
Constitution
See attached sheets
Laws repugnant to the Constitution are void

(b) Did you present Ground Three in all appeals that were available to you?
☒Yes          ☐No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:** An Act of Congress repugnant to the Constitution cannot become a law. The Courts of the United States are bound to take notice of the Constitution Under Amendment 3 of the Constitution

(a) Supporting facts (Be brief. Do not cite cases or law.):

All Courts are inferior to the Supreme Court. No State or The United States can be party to a suit against a Citizen, I never willingly or knowingly agreed to an Arbitrational Contract and owe no obligations to any State or Country

(b) Did you present Ground Four in all appeals that were available to you?
☒ Yes            ☐ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: I explained all and These Tyrenical Judges and officials of the United States are in violation and are committing Treason on the People of the United States

**Request for Relief**

15.  State exactly what you want the court to do: I want to be released, I want my Sovereignty reinstated to me and made known, I demand Compensatory damages of 100 million dollars in gold bullion not fiat Federal Promissory notes, I am open To discussion on Terms of Relief I have been enslaved to This system multiple times over a 25 year span and demand to be compensated as I now am prone to PtSD, for the injuries of bondage & enslavement, The torcher of mentally being inflicted with emotional distress untill I plead to The states demands either by imprisonment, Probation, or a fine of their choosing. They have forcibly kept me under bondage, locked in the gallows, as I am mentally torchered and treated like a convicted savage, untill I break/weak, and have no strength leaft to fight for my liberty and unwillingly agree to their terms, So I may no longer be deprived of my life liberty and property or the privilges or immunities guaranteed to me by The United States Constitution To which These Tyrants Unexpectedly snatch away, my liberty, To wich I am permanently bondaged to worry, an 'uneasiness about what may happen to my liberty... I believe $100 million barelly makes or serves as an amends to my injuries....

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_December 14, 2022_

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:  _12-14-2022_                         _____
                                                                          *Signature of Petitioner*


                                                      _____
                                                      *Signature of Attorney or other authorized person, if any*

Freedom of bodily restraint is one of the core of the liberties protected by the Due Process Clause from Arbitrary Government actions, my rights are not extinguished by justified State confinement. The State of Washington and the United States Judicial System has been violating My right to personal security for over 25 years; This personal right constitutes an historic liberty interest protected substantively by the due process clause.

Law repugnant to the Constitution is void and that courts, as well as other departments, are bound by that instrument, an Act repugnant to the Constitution cannot become law, and all Courts of the United States are bound to take notice of the Constitution. The Constitution Forms rules and limitation to this kind of government

The powers of the legislature are defined and limited under The 3rd Amendment of the Constitution, and these limits may not be mistaken or forgotten. In the distribution of this power it is declared that the Supreme court shall have original jurisdiction in all cases be those which a State shall be a party.

I demand Mandamos

I demand Certiori

I demand The records that Justify my detainment
   To which are nul tiel record

I demand thos Error To which an extraordinary remedy
   A writ of mandamus

I demand certificate of my Sovereignty that I am free from any obligation, or Tax upon myself, my body, my property, I free from any obligation of a state or Country and make my oath to uphold the Declaration of Human Rights and not commit Treason against my naturality Citizenship of the United States of America

10-14-2022
Dated

Aaron Joseph Cunninghen

pretrual detainees are held in custody without any proof of intent to an unlawful act. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S. Ct. 839, 31 L. Ed. 2d 110 (1972) states that criminalizing innocent conduct was impermissible for many reasons, including the fact that it made "criminal activities which by modern standards are normally innocent" and did so without proof of any "intent to commit an unlawful act." Id. at 163, 92 S. ct. 839. It concluded that criminalizing passive nonconduct while eliminating the requirements of a guilty mind violated due process clause protection "cannot be squared with our constitutional standards and is plainly unconstitutional." Id. at 171, 92 S. Ct. 837. Lambert's and Pap-christou's holdings rested on the due process clause of the Fourteenth Amendment. 355 U.S. at 229-30, 78 S. Ct. 240; 405 U.S. at 165, 92 S. Ct. 837; U.S. Const. amend. XIV.

A judge cannot detain a citizen awaiting trial, claiming the assumption that he might not come to court, or to assure his presence at court, it is an assumption that he won't be present at court, it is an assumption he will commit a crime or harm the community, Activities which by modern standards are normally innocent and do not without proof any intent to commit an unlawful act; to which is passive nonconduct while eliminating the requirements of a guilty mind violates due process clause protections, and cannot be squared with Constitutional standards and is plainly unconstitutional.

Ragan, 58 Wash. 2d 779, 364 P. 2d 916), Applying that test the Supreme Court held that passive nonconduct without mens rea "makes no distinction between conduct calculated to harm and that which is essentially innocent" and therefore exceeds the State's police power. Id. at 795, 514 P. 2d 1059.

To detain citizens awaiting trial on account of mere presence at trial is unconstitutional, its no distinction between conduct calculated to harm and that which is essentially innocent, and it bores an insufficient relationship to the objective of safeguarding the public, This rule is an unreasonable exercise of the Judges power and is arbitrational in every way of the meaning, it is erratic presumptions that violate due process of law and equal protection.

The records are null tiel befor the courts to justify, and absolutely devoid of any evidence showing bad conduct. The mere fact of a defendants past history is null and void when that obligation has already been forfeited; Debt Paid, it becomes double jeopardy to use prior history of miss conduct to assume current

1 of 2

The legislature

whether the legislature possesses the power to detain ~~punish~~ pretrial detainees of innocent conduct – or, more accurately, nonconduct – without proving any mental state at all. This question of first impression is before us:

Due Process Clause Protections Limit the Legislature's Police & Power To Criminalize wholly Innocent and Passive Nonconduct. Police Nor Judicial Powers are not infinite. If it were," the result would be a police state, and the legislative branch of the government would be omnipotent. Peterson v. Hagan, 56 Wash. 2d 48, 53, 351 P.2d 127 (1960) Under both the State and federal Constitutions, a statute must have "a reasonable and substantial relation to the accomplishment of some purpose fairly within the legitimate range or scope of the police power and must not violate any direct or positive mandate of the Constitution. Ragan v. City of Seattle, 58 Wash. 2d 779, 783, 364 P.2d 916 (1961) (citing Nebbia v. New York, 291 U.S. 502, 54 S. Ct. 505, 78 L. Ed. 940 (1934); State v. Canyon Lumber Corp., 46 Wash. 2d 701 State v. Dexter, 32 Wash. 2d 551; Campbell v. State, 12 Wash. 2d 459; Shea, 185 Wash. 143, 53 P.2d 615; City of Seattle v. Proctor, 183 Wash. 293, 48 P.2d 238 (1935)

In Nebbia the Supreme Court explicitly rooted the limits of the police power in "the guaranty of due process" that "the law shall not be unreasonable, arbitrary or capricious" and "the means selected shall have a real and substantial relationship to the object sought to be attained." 291 U.S. at 525, 54 S. Ct. 505.

In other words, prior precedent of the United States Supreme Court and of this court – including Ragan – holds that the State's police and judicial powers are limited by the due process clause or "by constitutional protection afforded certain personal liberties." Talley, 122 Wash. 2d at 199, 856 P.2d 217 (citing Olympic Forest Prods., Inc. v. Chaussee Corp., 82 Wash. 2d 418, 435, 511 P.2d 1002 (1973)

The Constitutional limit rule against criminalizing essentially innocent conduct ~~does not have~~ applies with special force to passive conduct – or nonconduct – that is unaccompanied by intent, knowledge or mens rea. In Lambert The Supreme Court held that this exercise of the police power to criminalize entirely passive innocent nonconduct deprived defendant of liberty without due process of law. Id. at 229, 78 S. Ct. 240

2 of 2

**Continuation Page**

1. The Act of Congress of the 14th of April
2. 1892 ( 2 Story's Laws U.S. 850) I declare an
3. oath before the Court, that I absolutely and
4. entirely renounce and abjure all allegiance and
5. fidelity which I owe to the de facto government
6. of the United States, and all de facto
7. states of America, Today's Government has
8. taken over the regular government and exer-
9. cises sovereignty over the United States; to-
10. which belongs to the People, and I seperate
11. myself from this structure and functioning
12. government that has been illegally established,
13. and seperated themselves from the parent
14. state.
15.     My current government reduces and is deter-
16. mined to diminish the Constitution of the United
17. States of America, and abridge one's civil
18. liberties, and binds itself to Statutes, Regulations
19. and policies, to-which the states of America
20. exercise direct functions of government.
21.
22.     I Aaron Joseph Cunningham am a national
23. of the United States; A human being, who
24. shall be free from arbitrary and undue
25. external restraint by a government or state; A
26. right, privilege, immunity enjoyed; the absence
27. of a legal duty imposed on a person; The liberties
28. protected by the Constitution, to which all
29. Governments and states are bound to, but
30. have taken control and arbitrary users of power

Page __1__ of __9__ pages.    Initials _____    Date 2 / 14 / 22

Continuation Page

1. by the ruling elite, which uses the Judicial
2. system as the instrument of control.
3.     No State or Government shall make or
4. enforce any law which shall abridge the priv-
5. ilges or immunities of citizens of the United
6. States, Nor shall any state or government
7. deprive any citizen of life, liberty or property
8. without due process of law; A right guaranteed
9. by the United States Constitution Article 14.
10.     I Aaron Joseph Cunningham, A body consisting
11. of the collective number of citizens and qual-
12. ified electors who possess the powers of
13. sovereignty and exercises them through my
14. chosen representatives; who have erroneouselly
15. violated their powers and have become a de
16. facto government and police states, who con-
17. stantly violate and manipulate the Constitu-
18. tion of the United States
19.
20.     Imprisonment, by whatever name it is called,
21. is a harsh thing, and when an attempt is made
22. to hide the harsh realities of criminal justice
23. behind euphemistic descriptions, a corrupting
24. irony may be introduced into ordinary speech
25. that is fully as frightening as Orwell's News-
26. peak." Lon L. Fuller, Anatomy of the law 57
27. (1968).
28.     No state shall deprive any person of
29. life, liberty, or property, without Due; DUE
30. PROCESS of law

Page 2 of 8 pages.    Initials _____    Date: 12 / 14 / 22

**Continuation Page**

1. Procedural Due Process - Notice and the
2. opportunity to be heard by an impartial
3. tribunal before suffering a burden under
4. law. Procedural due process is a constitutional
5. guaranty to each individual, that the individual
6. will not suffer a burden by an unfair
7. procedure under the law, in that no burden
8. will be created that does not first require
9. liability of the burden and then an opp-
10. ortunity to be heard and to object to an
11. impartial decision-maker before the burden
12. is created. Due Process of law "is not a
13. fixed theory embodying a standardized set
14. of procedures or a trial-like hearing in
15. each instance. To the contrary. as noted
16. by the United States Supreme Court in
17. Hannah v. Larche [363 U.S 420 (1960)
18. Due process is an elusive concept. Oberholzer
19. v. Commission on Judicial Performance
20. 975 P.2d 663, 675-676 (Cal. 1999)
21. Procedural Due Process entitles a person to
22. an impartial and disinterested tribunal in
23. both civil and criminal cases and protects
24. two central concerns (1) the prevention of
25. unjustified mistaken deprivations and the
26. promotion of participation and dialogue
27. by affected individuals in the decision
28. making process.
29. The fundamental requisite of due
30. process of law is the opportunity to be

Continuation Page

1. Heard. Grennis V. Ordean, 234 U.S. 385,
2. 394 (1914) The nature of the right involved,
3. the nature of the proceeding, and the possible
4. burden on that proceeding, are all consid-
5. erations which must be taken into account.
6. Hannah v. Larche, 363 U.S. 420, 422 (1960)
7. A State deprivation of a right contrary
8. to its process may be remedied by a later
9. hearing. The Parratt-Hudson doctrine is a
10. defense to a claim that a state agent
11. violated a right to procedural Due Process
12. by depriving the plaintiff of an interest
13. in violation of established rules or pro-
14. cedures. The defense allows the state
15. to remedy the Constitutional harm of fail-
16. ing to provide a pre-deprivation hearing
17. by providing a sufficient post-depri-
18. vation hearing that is capable of rem-
19. edying a wrongful deprivation. The
20. doctrine emerged in Parratt v. Taylor,
21. 451 U.S. 527 (1981); also see Hudson v.
22. Palmer, 468 U.S. 517 (1984); The
23. Parratt-Hudson doctrine exists to protect
24. states from needlessly defending the
25. adequacy of State law process when
26. the alleged Due Process violation
27. results from a deviation from that
28. process. Chmielinski v. Massachusetts,
29. 513 F.3d 309, 315 (1st Cir 2008)
30. (Lynch, J.) :

Continuation Page

1. Writ of error to the courts to all my
2. judgements - action of debt affidavit of
3. service. An error of law I plead for the
4. detainment of my body within a Pearl
5. institution (Jail) without due process
6.     I will file a writ of error to a court
7. of competent jurisdiction (World Court in
8. the Netherlands), directed to the judges of a
9. court of record, commanding them to examine
10. the records of all U.S. courts, so that the
11. proceedings may be corrected. Steph. Pl. 138;
12. 2 Saund. 100. n. 1; Bac. Ab. Error, in pr.
13.     Coram nobis or vobis; when an issue
14. in fact has been decided, there is not in
15. general any appeal except by motion for new
16. trial and although a matter of fact should exist
17. which was not brought into the issue, Steph.
18. Pl. 139. I neglected out of ignorance and no
19. fault of my own to plead my release, but the
20. courts proceeding affect the validity and
21. regularity of the proceeding itself, and to
22. remedy these errors the courts make it im-
23. possible generally, writ of error; and is the
24. object to review and correct an error of the
25. law committed in the proceedings, which is not
26. amendable, or cured at common law, or by
27. some of the statutes of amendment or jeofail.
28. Vide, generally, Tidd's Pr. ch. 43; Graham's
29. Pr. B. 4, c. 1; Bac. Ab. Error, 1 Vern. 169;
30. Yelv. 76; 1 Salk. 322; 2 Saund. 46, n. 6, and

Continuation Page

1. 101, n. 1; 3 Bl. com. 405; Sera Const.Law, ch. 5
2.    All Judgements are erroneous; This is an
3. action of debt brought in on a citizen on the
4. judgment of State to-wit Washington.
5.    By the Constitution of U.S. Article 4
6. Section 1 it is declared that full faith
7. and credit shall be given in each state to
8. the public acts. The act of congress of
9. May 26th 1790, Vol.1, p.115
10. Mills v. Duryee, 7 Cranch R. 481-487,
11. and McElmoyle v. Cohen, 13 Peters R. 312-
12. 330; nil-debet; nul tiel record.
13.    I bring this case on certiovari,
14. 314 U.S. 597. 67 S.Ct. 98 86 L.Ed. 481
15. because of its importance and its possible
16. relation to freedom of thought our nation
17. was founded by the spirit of freedom
18. and tolerance and by the desire to secure
19. the blessings of liberty in thought and
20. action to all those upon whom the right
21. of American citizenship has been conferred
22. by statute as well as the native born.
23.
24. Detaining citizens before Due process
25. should be abuse, for it construction of
26. a criminal statute leads to criminalizing
27. nothing more then an evil intent accom-
28. panied by a harmless act, particularly when,
29. as here, the statutory language does not
30. extend liability so far. United States v.

Page 6 of 8 pages.        Initials _____        Date: 12 / 14 / 22

Continuation Page

1. Aguilar, 515 U.S. 593, 607 (1995).
2. I Aaron Joseph Cunningham made no
3. oath that forfeits my Sovereignty Nor do
4. I renounce my Civil Rights; My Oath is only
5. my loyalty to not commit treason against
6. the United States and I give my allegiance
7. to the Sovereignty I possess as a free
8. human body, to which I'm entitled to;
9. Jus Soli under the 14th Amendment
10. The Courts never acquired jurisdiction
11. of my person. Thompson v. Whitman
12. I Aaron Cunningham at any or in any
13. known manner authorized or empowered AARON
14. CUNNINGHAM the fictitious person or U.S. corporation
15. whomsoever to appear as my agent, to
16. answer the plaintiff (Washington) in said action
17. in which judgement was so obtained.
18. I never knowingly entered into a contract
19. with Washington or any other State or Govern
20. ment willingly or not did I empower any person
21. in a contractual agreement, Nor had any
22. notice or knowledge of any process or summons
23. or any proceeding in said action or any
24. means or opportunity of defending myself
25. therein or therefrom, and that I am ready
26. to verify; wherefor I pray judgment whether
27. the plaintiff's his action aforesaid ought
28. to have and maintain against him, the
29. said Aaron Cunningham
30.

Page 7 of 8 pages.    Initials ____    Date: 12/14/22

Continuation Page

1. I Aaron Joseph Cunningham willingly give to
2. the United States my loyalty as the hallmark
3. of my citizenship and Nationality, and ex-
4. press my legal and moral predicate to the ob-
5. ligation not to commit treason, as well
6. as the obligation of the states to protect
7. its citizens and subjects, and it's best
8. interest, if it remains to be silent, for the
9. ignorant does not nor will not destroy the
10. functions of America the Corporation.
11.     Bouvier, 1853, Allegiance  A tie which
12. binds the Citizen to the Government, in return
13. for the protection which the Government affords
14. him. I do not consent to an allegiance that
15. violates my Civil Rights, and Detains my liberty
16. before due process; Only do I give my loyalty
17. to the United States of America, and its
18. Constitution, the Supreme law of the land.
19.   2. Cranch, 64; 1 Peters C.C. Rep. 159; 7
20. wheat. R 283; 9 mass R. 461. I do not
21. renounce my allegiance to the America of
22. my Gr-fathers, and make my oath and allegiance
23. to the Constitution of the United States
24. of America and its laws guaranteed by
25. the Fourteenth Amendment.
26.   1 Kent, Com. 71; Com. Rep. 677; 2 Ken, Com.
27. 42 Citizen "National" and Permanent
28. Allegiance; 56 Yale L.J. 58, 69 1946.
29.   To this I hold secrecy and shall not indulge
30. the ignorant to it's secrecy



# Federal Defenders of Eastern Washington and Idaho

10 N Post Street Suite 700  Spokane, Washington 99201  P: 509.624.7606  F: 509.747.3539

September 19, 2022

*Executive Director*
Andrea K. George

*Chief Deputy*
Ben Hernandez

*Managing Attorney*
*Spokane & North Idaho*
Amy H. Rubin

*Senior Litigator*
John B. McEntire, IV

*Chief Investigator*
Gabe Caballero

Aaron Joseph Cunningham
c/o Spokane County Jail
1100 W. Mallon
Spokane, WA 99260-0320
<u>Legal Mail-Attorney/Client Privileged</u>

RE: *United States of America v. Aaron Joseph Cunningham*        2:22-CR-061-RMP

Dear Mr. Cunningham:

Enclosed please find a copy of the following documents regarding the above-entitled case:

    -Pretrial Order

If you have any questions or concerns, please feel free to contact this office at (509) 624-7606.  Thank you.

Sincerely,

*Coby Patter*

Coby Patterson, Paralegal
Justin Lonergan, Trial Attorney

• • •

<u>Branch Office</u>
306 East Chestnut Avenue
Yakima, Washington 98901
P: 509.248.8920
F: 509.248.9118

Rev. 12/2018

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

Aaron Joseph Cunningham
*Plaintiff's full name and prisoner number* 211738

Plaintiff,

v. Judicial system Under the Scope of The United States of America

*Defendant's/defendants' full name(s)*

Defendant(s).

Case No. Z:ZZ-CV-OOZZ9-JAG
(leave blank – for court staff only)

**PRISONER CIVIL RIGHTS COMPLAINT**

Jury Demand?
☒ Yes
☐ No

(If you cannot fit all of the defendants' names in the space provided, please write "see attached" in the space above and attach additional sheets of paper, as necessary, with the full list of names. The names listed here must be identical to those in Section II. Do not include addresses here. **Individuals whose names are not included in this section will not be considered defendants in this action.**)

## WARNINGS

1.    Do not use this form if you are challenging the validity of your criminal conviction or your criminal sentence. If you are challenging your conviction or sentence, or if you are seeking restoration of good-time credits that would shorten your sentence, you must file a Petition for Writ of Habeas Corpus. If you use this form to challenge your conviction or sentence, you risk having your claim dismissed. Separate forms are available for filing a habeas petition.

2.    Under the Prison Litigation Reform Act ("PLRA"), you are required to exhaust all remedies in your institution's grievance system that are available to you before filing suit. This generally means that you must file a grievance and, if it is denied, appeal it through all available levels of review. Your case may be dismissed if you fail to exhaust administrative remedies, unless the administrative grievance process was not "available" to you within the meaning of the PLRA. You are not required to plead or show that you have exhausted your claim in this complaint.

Page 1 of 9



**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF WASHINGTON
920 WEST RIVERSIDE AVENUE
P.O. BOX 1493
SPOKANE, WASHINGTON 99210
www.waed.uscourts.gov

(509) 458-3400
FAX (509) 458-3420

SEAN F. MCAVOY
CLERK OF COURT

NOVEMBER 29, 2022

Aaron Joseph Cunningham, #100462
Benton County Jail
7122 West Okanogan Place, Building B
Kennewick, WA 99336

RE: 2:22-cv-00229-MKD; Cunningham v. The American Judicial System et al; 11/28/2022 Letter

Dear Mr. Cunningham:

The United States District Court Clerk's Office received your letter on November 28, 2022, in which you have several inquiries, namely, regarding case number 2:22-cv-00229-MKD.  Please find the responses below:

1.  The judge assignment for case 2:22-cv-00229-MKD was changed only due to an administrative error that occurred when the case was opened.  This has since been corrected.

2.  If you wish for your Federal Defender to receive documents related to this, or any other civil case, then the Federal Defender will first need to enter a Notice of Appearance in that civil case.  For now, mail in your civil cases will be sent to you at the last address you have provided.

Should you have any further questions, please write us at the address above.

Sincerely,

U.S. District Court
Eastern District of Washington
*Office of the Clerk*

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

# Nov 30, 2022

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON JOSEPH CUNNINGHAM, | No. 2:22-cv-00251-MKD |
| Plaintiff, | ORDER TO SHOW CAUSE AND RE-NOTING MOTIONS FOR APPOINTMENT OF COUNSEL |
| vs. | |
| NEWPORT TOWING FIRM, | |
| Defendant. | |

On October 27, 2022, Plaintiff Aaron Joseph Cunningham filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 while a federal pretrial detainee at Spokane County Detention Services. ECF No. 1. Since that time, Plaintiff has been moved to different county facilities and is currently located at the Benton County Jail. ECF Nos. 6, 9.

Plaintiff seeks leave to proceed *in forma pauperis*. ECF No. 2. However, it appears that Plaintiff is precluded from proceeding with this action without prepayment of the filing fee. According to Court records, Plaintiff is no longer

ORDER TO SHOW CAUSE AND RE-NOTING MOTIONS FOR
APPOINTMENT OF COUNSEL - 1

1   prepayment of the filing fee. According to Court records, Plaintiff is no longer

2   eligible to proceed *in forma pauperis* under 28 U.S.C § 1915(g). *See O'Neal v.*

3   *Price*, 531 F.3d 1146, 1153 (9th Cir. 2008); *Andrews v. King*, 398 F.3d 1113, 1116

4   n. 1 (9th Cir. 2005) (noting the "three strikes" terminology). Under this provision,

5   *in forma pauperis* status is unavailable to prisoners who have "on 3 or more prior

6   occasions, while incarcerated or detained in any facility, brought an action or

7   appeal in a court of the United States that was dismissed on the grounds that it is

8   frivolous, malicious, or fails to state a claim upon which relief may be granted."

9   28 U.S.C. § 1915(g).

10       Plaintiff has brought at least three other cases that were dismissed as

11   frivolous or malicious or for failure to state a claim. *See Cunningham v. Mrphy, et*

12   *al.*, No. 2:04-cv-00238-FVS (E.D. Wash. Nov. 29, 2004) (dismissed without

13   prejudice for failure to state a claim upon which relief may be granted);

14   *Cunningham v. Spokane County Jail et al.*, No. 2:19-cv-00301-SMJ (E.D.Wash.

15   Feb. 3, 2020) (dismissed with prejudice for failure to state a claim upon which

16   relief may be granted); *Cunningham v. Unknown Named Agent 1 et al.*, No. 2:19-

17   cv-00318-SMJ (E.D.Wash. Jan. 30, 2020) (dismissed with prejudice for failure to

18   state a claim upon which relief may be granted). "A dismissal of a suit for failure

19   to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-*

20   *Marquez*, 140 S. Ct. 1721, 1727, (2020). Plaintiff has thus lost the privilege of

ORDER TO SHOW CAUSE AND RE-NOTING MOTION FOR
APPOINTMENT OF COUNSEL - 2

1   filing additional suits *in forma pauperis* unless he can demonstrate that he is

2   "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). *See*

3   *Cunningham v. Spokane County Jail Administration et al.*, No. 2:20-cv-00356-

4   SMJ, ECF No. 18 (Dec. 14, 2020) (Order Denying Motion of Argument and

5   Dismissing Action following application of 28 U.S.C. § 1915(g)) (no appeal of

6   dispositive order taken).

7          In his present complaint, Plaintiff asserts that he has been subjected to false

8   imprisonment and intentional infliction of emotional distress, claiming that the

9   detention of pretrial detainees in jail violates due process. ECF No. 1 at 5, 7.

10  Although he presents no facts supporting an inference that he is being held without

11  due process, Plaintiff requests the establishment of pretrial detention facilities and

12  10 million dollars in gold bullion, "not fiat federal reserve notes." *Id.* at 6. The

13  Court cannot infer from any facts presented that Plaintiff was "under imminent

14  danger of serious physical injury" when he filed his complaint on October 13,

15  2022. *See generally* ECF No. 1; *see also* 28 U.S.C. § 1915(g); *Andrews v.*

16  *Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (discussing imminent danger

17  exception to three-strikes rule).

18         Accordingly, **IT IS ORDERED:**

19

20

ORDER TO SHOW CAUSE AND RE-NOTING MOTION FOR
APPOINTMENT OF COUNSEL - 3

1.  Plaintiff shall **show cause** within **thirty (30) days** of the date of this Order why his application to proceed *in forma pauperis* should be granted.

2.  In the alternative, Plaintiff may pay the $402.00 fee ($350.00 filing fee, plus $52.00 administrative fee) for this action **within the same thirty-day period.**

3.  Failure to do so will be construed as Plaintiff's consent to the dismissal of this action without prejudice for failure to comply with the filing fee requirements of 28 U.S.C. § 1914.

4.  The Clerk's Office shall re-note Plaintiff's Motion for Appointment of Counsel, ECF No. 9, for hearing without oral argument thirty (30) days after the date of this Order.

   **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and forward a copy to *pro se* Plaintiff and set a case management deadline accordingly.

   **DATED** December 1, 2022.


                    *s/Mary K. Dimke*
                    MARY K. DIMKE
                    UNITED STATES DISTRICT JUDGE


ORDER TO SHOW CAUSE AND RE-NOTING MOTION FOR
APPOINTMENT OF COUNSEL - 4

10/10/22, 9:24 AM Case 4:22-cv-05165-MKD Cunningham v. Spokane County Jail Administration | Westlaw Next Page 27 of 27
WESTLAW

ECF No. 1 Filed 12/19/22 PageID.27 Page 27 of 27

**Cunningham v. Spokane County Jail Administration**
United States District Court, E.D. Washington.  |  December 14, 2020  |  Slip Copy  |  2020 WL 7342395  *(Approx. 3 pages)*

2020 WL 7342395
Only the Westlaw citation is currently available.
United States District Court, E.D. Washington.

Aaron Joseph CUNNINGHAM, Plaintiff,

v.

SPOKANE COUNTY JAIL ADMINISTRATION and Spokane County Jail
Officials, Defendants.

No. 2:20-cv-0356-SMJ
Signed 12/14/2020

**Attorneys and Law Firms**

Aaron Joseph Cunningham, Spokane, WA, pro se.

**ORDER DENYING MOTION OF ARGUMENT AND DISMISSING ACTION**

SALVADOR MENDOZA, JR., United States District Judge

*\*1 By Order filed October 28, 2020, the Court directed Plaintiff Aaron Joseph Cunningham, a *pro se* pretrial detainee currently housed at Spokane County Detention Services, to show cause why the Court should grant his application to proceed *in forma pauperis.* ECF No. 9 at 4. In the alternative, Plaintiff could have paid the $400.00 filing fee. *Id.* He did neither.

According to court records, Plaintiff has brought at least three other cases that a court dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted. *Id.* at 2. *See Cunningham v. Mrphy,* [sic] *et al.,* 2:04-cv-00238-FVS, ECF No. 5 (November 29, 2004) (dismissed without prejudice for failure to state a claim upon which relief may be granted); *Cunningham v. Spokane County Jail et al.,* 2:19-cv-00301-SMJ, ECF No. 24 (February 3, 2020) (dismissed with prejudice for failure to state a claim upon which relief may be granted); and *Cunningham v. Unknown Named Agent 1 et al.,* 2:19-cv-00318-SMJ, ECF No. 15 (January 30, 2020) (dismissed with prejudice for failure to state a claim upon which relief may be granted). Consequently, Plaintiff is precluded from proceeding in this action without prepayment of the filing fee under 28 U.S.C. § 1915(g), unless he can demonstrate that he was "under imminent danger of serious physical injury" at the time he filed his complaint. *Id.* at 2.

**MOTION OF ARGUMENT**

On October 30, 2020, Plaintiff filed a 21-page "Motion of Argument," ECF No. 10, in which he recites various constitutional provisions, cites numerous cases, and presents arguments concerning pretrial detention. Plaintiff asserts that "[i]nnocent citizens are being arrested, detained, and locked in jails and [e]nslaved to the rules and regulations of these penal institutions designed to punish duly convicted criminals." *Id.* at 2. To the extent Plaintiff is asserting that the present conditions of his confinement violate due process, he has presented no factual allegations supporting a viable Fourteen Amendment claim. *See Gordon v. Cnty. of Orange,* 888 F.3d 1118, 1125 (9th Cir. 2018).

Plaintiff does not identify the relief he is seeking in this motion. The Court has considered Plaintiff's previously filed "Argument," ECF No. 6, as well as his additional supplemental materials, ECF No. 8, in the Order to Show Cause, ECF No. 9 at 3-4. Because Plaintiff has failed to assert any requested relief or his entitlement thereto, the Court denies his "Motion of Argument," ECF No. 10.

**RESPONSE TO ORDER TO SHOW CAUSE AND APPEAL**

On November 9, 2020, Plaintiff filed a single-page Response, ECF No. 11, to the Order to Show Cause, ECF No. 9, as well as a construed Notice of Interlocutory Appeal, ECF No. 13. Plaintiff asserts that he is indigent and cannot afford the filing fee because any money he receives is applied to his child support obligations. ECF No. 11. He does not assert that he was "under imminent danger of serious physical injury" as required by 28 U.S.C. §