FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 20, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AARON JOSEPH CUNNINGHAM,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. 4:22-CV-05165-MKD<br><br>ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER SUMMARILY DISMISSING ACTION<br><br>**ECF Nos. 4, 5, 6, 8, 9, 12, 15, 16** |

Petitioner, a federal pretrial detainee[1] currently confined at Spokane County Jail, filed this *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Respondent has not been served.

Petitioner seeks leave to proceed *in forma pauperis*. ECF Nos. 10, 14. An officer at the Benton County Jail has supplied "a certificate . . . showing the amount of money or securities that the petitioner has in any account in the

---

[1] Petitioner's federal criminal case, *United States v. Cunningham,* No. 2:22-cr-00061-RMP, is still pending.

ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER SUMMARILY DISMISSING ACTION - 1

institution," as required by Rule 3(a)(2), Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule")[2]. ECF No. 14 at 2. Because it appears that Petitioner lacks sufficient funds to prosecute this action, his request to proceed *in forma pauperis,* ECF No. 10, is granted and this action may proceed without payment of the filing fee.

By this action, Petitioner seeks to challenge pending federal criminal proceedings in *United States v. Cunningham,* Case No. 2:22-cr-00061-RMP. *See* ECF No. 1. at 2. Petitioner is represented by counsel in his pending criminal case. Case No. 2:22-cr-00061-RMP, ECF Nos. 11, 18. Petitioner was arraigned on September 15, 2022. Case No. 2:22-cr-00061-RMP, ECF No. 16 at 1. The United States moved for Petitioner's detention, and Petitioner waived his right to a detention hearing that same day. Case No. 2:22-cr-00061-RMP, ECF Nos. 9, 16 at 1. However, Petitioner reserved the right to revisit the issue should his circumstances change. Case No. 2:22-cr-00061-RMP, ECF No. 16 at 1. Petitioner has not sought to revisit his release status in the pending criminal matter. Instead, Petitioner seeks his release from pretrial detention through the instant petition. *See*

---

[2] Habeas Rule 1(b) allows a district court to "apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a). *Id.*

ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER SUMMARILY DISMISSING ACTION - 2

1   ECF No. 1.  He also seeks $100,000,000.00 in "gold bullion" as a remedy.  ECF

2   No. 1 at 7.

3       As an initial matter, monetary damages are not an available remedy in the

4   federal habeas corpus context.  *See Nelson v. Campbell*, 541 U.S. 637, 646 (2004)

5   (noting that "damages are not an available habeas remedy"); *cf. Heck v. Humphrey*,

6   512 U.S. 477, 477 (1994) (holding a plaintiff bringing suit under 42 U.S.C. § 1983

7   can recover damages for unlawful imprisonment so long as they "prove that the

8   conviction or sentence has been reversed on direct appeal, expunged by executive

9   order, declared invalid by a state tribunal authorized to make such determination,

10  or called into question by a federal court's issuance of a writ of habeas corpus").

11      In addition, it well established that a criminal defendant cannot use a petition

12  for writ of habeas corpus to challenge the district court's orders or assert defenses

13  in a pending federal criminal prosecution.  *See Jones v. Perkins*, 245 U.S. 390, 391

14  (1918) ("It is well settled that in the absence of exceptional circumstances in

15  criminal cases the regular judicial procedure should be followed and habeas corpus

16  should not be granted in advance of a trial."); *see Riggins v. United States,* 199

17  U.S. 547 (1905).  Moreover, Petitioner has retained the right to revisit his detention

18  in his criminal case and may have an additional non-extraordinary remedy in

19  seeking review of the detention order under 18 U.S.C. § 3145(b).  Therefore,

20

ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER SUMMARILY
DISMISSING ACTION - 3

Petitioner's challenges to the district court's actions in his federal criminal prosecution must be dismissed.

Furthermore, the Court declines to interfere with another judge's assigned case. *See Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987) ("[a] district court lacks authority to issue a writ of mandamus to another district court."). "It would be inappropriate for this Court to issue any order which could affect or interfere with another judge's handling of a case on his or her docket." *Al-Ansi v. Obama*, 647 F. Supp. 2d 1, 13 (D. D.C. 2009); *Delgrosso v. Hemingway*, No. 22-10158, 2023 WL 319920, at *4 (E.D. Mich. Jan. 19, 2023) (district court declining to vacate a separate district's orders and judgement); *Muhammad v. Morrison,* No. 2:21-CV-12238-TGB-EAS, 2021 WL 5873007, at *1 (E.D. Mich. Nov. 4, 2021) (district court declining to consider duplicative filing that was previously before another judge in the same district).

For the reasons stated above, Petitioner's petition is summarily denied. Petitioner must properly pursue these issues in his pending criminal case before the trial court.

Accordingly, **IT IS HEREBY ORDERED**:

1. The habeas corpus petition, ECF No. 1, is summarily **DISMISSED WITH PREJUDICE**.

ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER SUMMARILY DISMISSING ACTION - 4

  2. All pending motions are **DENIED as moot** and all pending hearings are **STRICKEN.**

  3. The Clerk's Office is directed to **ENTER JUDGMENT** and **CLOSE** the file.

  4. The Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A certificate of appealability is therefore **DENIED**.

  **IT IS SO ORDERED**. The Clerk's Office is directed to enter this Order and provide copies to Petitioner at his last known address.

  DATED March 20, 2023.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER TO PROCEED *IN FORMA PAUPERIS* AND ORDER SUMMARILY DISMISSING ACTION - 5